UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMANDA COSME,
Conservator for S. C-L.,

    Plaintiff,

v.                                                      Case No: 16-10534
                                                     Honorable Victoria A. Roberts

WAL-MART STORES EAST, LP,

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
[Doc. 41] AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
[Doc. 42]**

**I. INTRODUCTION**

In September 2015, Plaintiff Amanda Cosme ("Cosme"), on behalf of her Daughter S. C-L., filed suit against Wal-Mart Stores East, Limited Partnership ("Wal-Mart") alleging new injury and aggravation of a condition. S. C-L's fell near a drinking fountain at Wal-Mart. Cosme was appointed by the Wayne County Probate Court as her daughter's conservator.

This matter is before the Court on Cross Motions for Summary Judgment pursuant to Fed. R. Civ. P. 56. [Doc. 41 and 42].

For the reasons below, Cosme's motion is **DENIED;** Wal-Mart's is **GRANTED.**

**II. PROCEDURAL BACKGROUND**

On September 07, 2015, Cosme, her husband, and S. C-L shopped at a Wal-Mart in Taylor, Michigan. The parties dispute whether S. C-L slipped on water around the drinking fountain or a slippery substance. Indisputably, Wal-Mart's security video

1

depicts S.C-L moving toward the water fountain and slipping closely to it. The video also shows a bright, orange caution cone in proximity to the drinking fountain.

After the fall, S.C-L stood up and placed the orange caution cone directly in front of the area where she slipped. She and her family walked away.

On September 10, 2015 S.C-L sought treatment from her pediatrician, Dr. Raghda Chwikani ("Dr. Raghda"). Her history is reported as "left knee trauma" from a slip at Wal-Mart. Previously, S. C-L had complained of hip pain to Dr. Raghda.

On September 28th, S.C-L visited Dr. Kunal Kalra ("Dr. Kunal"), an orthopedic surgeon at Children's Hospital Orthopedic Clinic, for evaluation of right thigh swelling, but Kr. Kunal's report also noted left thigh swelling after playing soccer. She later complained of pain and swelling in her left knee. An MRI revealed a possible osteochondroma on her left femur; there was no fracture or dislocation. Osteochondroma is a benign bone growth that primarily affects children; its exact cause is unknown. The condition remained undiagnosed until after S.C-L's slip and fall at Wal-Mart.

Dr. Kunal's plan originally called for "a prescription of physical therapy to go twice a week for at least 6 weeks to work on quad strengthening and knee range of motion." Dr. Kunal realized a few days later that this approach would not be successful. On February 4, 2016, Dr. Kunal performed arthroscopic knee surgery to remove the osteochondroma because it began to irritate S.C-L's quadriceps.

## III.    ANALYSIS

### A.    Summary Judgment

When reviewing cross-motions for summary judgment, the court must assess

each motion on its own merits, *Federal Ins. Co. v. Hartford Steam Boiler Insp. and Ins. Co.*, 415 F.3d 487,493 (6th Cir. 2005), and view all facts and inferences in the light more favorable to the non-moving party." *Wiley v. United States,* 20 F.3d 222, 224 (6th Cir.1994). "The filing of cross motions for summary judgment does not necessarily mean that the parties consent to resolution of the case on the existing record or that the district court is free to treat the case as if it was submitted for final resolution on a stipulated record." *Taft Broad. Co. v. United States,* 929 F.2d 240, 248 (6th Cir.1991). The standard of review for cross motions does not differ from the standard applied when a motion is filed by one party to the litigation. *Id.* The Court decides these motions on this standard.

Fed.R.Civ.P. 56(c) says summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In reviewing a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." *Kochins v. Linden - Alimak, Inc.,* 799 F.2d 1128, 1133 (6th Cir.1986).

The movant has the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the movant meets this burden, the nonmoving party must, by affidavit or otherwise as provided by Rule 56, "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

3

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

It is not enough for the non-movant to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S. Ct. at 1356, 89 L. Ed. 2d 538 (1986). Rather, the non-movant must sufficiently allege a fact that, if proven, "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Midwest Media Prop., L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 469 (6th Cir. 2007) (alteration in original) (quoting *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)) (internal quotation marks omitted). The non-movant cannot rely upon bare assertions, conclusory allegations, or suspicions to substantiate his claims. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). If the nonmoving party does not respond with specific facts showing a genuine issue for trial, summary judgment is appropriate. *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989).

**B.     THE SUBSTANCE ON THE FLOOR NEAR THE DRINKING FOUNTAIN WAS OPEN AND OBVIOUS**

This is a premises liability case. Cosme must prove that 1) Wal-Mart owed S.C-L a duty; 2) Wal-Mart breached that duty; 3) the breach was the proximate cause of S. C-L's injury; and, 4) S. C-L suffered damages. *Sanders v. Perfecting Church,* 303 Mich. App. 1, 4 (2013).

An owner's duty to individuals is dependent on an individual's status. *Stitt v. Holland Abundant Life Fellowship,* 462 Mich. 591, 596 (2000). It is undisputed that S. C-

L, as a customer at Wal-Mart, was an invitee. As a result, Wal-Mart owed S.C-L "a duty to exercise reasonable care in order to protect [S.C-L] from unreasonable risks created by dangerous conditions" on the property. *Ogden v. Target Stores, Inc.,* 2007 WL 4358193, at *3 (E.D. Mich. Dec. 13, 2007). Children are judged on "the basis of how a minor of similar age, mental capacity, and experience would conduct himself." *Bragan v. Symanzik*, 263 Mich. App. 324,347 ( 2004).

To establish a breach of duty, Cosme must show Wal-Mart (i) knew or by the exercise of reasonable care should have known about the dangerous condition and the unreasonable risk it created; (ii) should have expected that invitees would not discover the danger, or fail to protect themselves against it; and (iii) failed to exercise reasonable care to protect invitees against the danger. *Bertrand v. Alan Ford,* 449 Mich. 606, 610 (1995).

Wal-Mart argues that the water on the floor near the drinking fountain, was open and obvious, and that S. C-L's claim is precluded.

A danger is considered open and obvious if "it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Id.* at 461. "The test is objective, and the inquiry is whether a reasonable person in the plaintiff's position would have foreseen the danger, not whether the particular plaintiff knew or should have known that the condition was hazardous." *Slaughter v. Blarney Castle Oil Co.,* 281 Mich. App. 474, 479 (2008).

Wal-Mart submitted video and still pictures demonstrating that there was an orange caution cone very close to the fountain to warn customers of a potential risk. The video shows several other patrons safely entering the wet area and passing without

falling on the surface. S. C-L knew the orange cone was there for that purpose: she placed it directly in front of the fountain after falling, in an effort to warn others of the potential danger.

Wal-Mart's placement of the orange cone is important. In *Finazzo v. Speedway LLC*, 2012 WL 3966371 at *3 (E.D. Mich. Sept. 11, 2012), the Court held that "regardless of whether the wet floor itself was an open and obvious condition, the wet floor signs posted at each store entrance to warn customers of a potential risk certainly were open and obvious" and "[t]he proper display of a wet floor sign makes the danger associated with a wet floor open and obvious as a matter of law, and is in fact why such signs are used."

Cosme's disregard for the sign is not legally significant since the open and obvious doctrine "asks not whether a risk was obvious to a particular plaintiff, but whether it is reasonable to expect that an 'average person with ordinary intelligence would have been able to discover [it] upon casual inspection.'" *Id.* (quoting *Novotney v. Burger King Corp.,* 198 Mich. App. 470, 475 (1993)).

A reasonable person in S.C-L's position should have known that the area around the drinking fountain might be wet and the floor slippery. Viewing the evidence in the light most favorable to Cosme, the Court finds that the condition near the water fountain was an open and obvious danger because Wal-Mart properly placed an orange caution cone near the fountain.

**C.    No special aspects exist because water was open and obvious**

Without any context or explanation, Cosme refers to a "special aspect" in her brief. In *Lugo v Ameritech*, 464 Mich. 512, 516-17 (2001), the court held that "if special

aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk."

Accordingly, Wal-Mart owed a duty to protect Cosme only if "special aspects" of the wet floor made it "unreasonably dangerous" if the water on the floor is considered "open and obvious." *Lugo*, 464 Mich. at 517.

In deciding whether the condition has a "special aspect," courts are to "focus on the objective nature of the condition of the premises at issue, not on the subjective degree of care used by the plaintiff." *Henry v KFC U.S. Props.* No. 04-70301, 2005 U.S. Dist. LEXIS 35047 (E.D. Mich. July 14, 2005)

The risk of slipping on a wet floor does not impose an increased risk of severe harm; it is neither uniquely severe and it does not involve an especially high likelihood of injury. *Finazzo*, 2012 WL 3966371 at *4 (citing, *Bertrand v. Alan Ford,* 449 Mich. 606, 614 (1995)).

Cosme fails to show that "special aspect" applies in this case.

**D.      Open and Obvious precludes Cosme's other claims**

Cosme raises other issues. She says that Wal-Mart's negligence was the proximate cause of S. C-L's injury. Because the court rules that the danger was open and obvious and Cosme failed to show that Wal-mart breached its duty of care, the Court need not address whether the fall was the proximate cause of her injury.

Cosme also argues a products liability claim: she says that Wal-Mart's floor tiles were substandard. The Court rejects Cosme's attempt to re-characterize this case as a

products liability one. She failed to sue relevant defendants, including those who manufactured and installed the floors.

**V.    CONCLUSION**

Plaintiff's Motion for Summary Judgment (Doc. No. 41) is **DENIED**. Defendant's Motion for Summary Judgment (Doc. No. 42) is **GRANTED**. This action is DISMISSED with prejudice.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  August 9, 2017

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 9, 2017.

s/Linda Vertriest
Deputy Clerk

---